UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GOLD FOREVER MUSIC, INC.,

    Plaintiff,

vs.

Case No. 17-13927
HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

    Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS (DOC. 8)

Plaintiff Gold Forever Music, Inc. filed a wrongful levy action against defendant the United States of America on December 6, 2017. This matter is presently before the Court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Pursuant to Local Rule 7.1(f)(2), the Court shall rule without oral argument. For the reasons stated below, defendant's motion is GRANTED.

### I. Background

Plaintiff is a music publishing company owned by Edward Holland, Jr. Holland owes the Government over $19 million in unpaid federal income tax liabilities. (Doc. 8-1 at PageID 58). The Internal Revenue Service (IRS) levied plaintiff's royalty payments and applied the funds to Holland's debt.

*See* (Doc. 1 at PageID 2). Plaintiff alleges that the royalty payments were not owed to Holland, but rather, plaintiff's property. (Doc. 1 at PageID 1).

The IRS served two notices of levy. (Doc. 8-2 at PageID 60, Doc 8-3 at PageID 61). The first was served upon Broadcast Music, Inc. (BMI) on August 27, 2012. (Doc. 8-2 at PageID 60). The second was served upon Universal Music Publishing (Universal) on the same date. (Doc. 8-3 at PageID 61). Plaintiff's complaint acknowledges that these notices were served in 2012. (Doc. 1 at PageID 2). Funds were paid in 2016 and 2017. (Doc. 1 at PageID 3). Plaintiff alleges that it requested refunds on June 23, 2017 and September 17, 2017. (Doc. 1 at PageID 4).

## II. Legal Standard

Defendant moves to dismiss on the grounds that plaintiff's action is time barred under the statute of limitations codified at 26 U.S.C. § 6532(c).

> Although, in general, statutes of limitations serve as affirmative defenses, in suits against the United States, compliance with the applicable statute serves also as a jurisdictional prerequisite. *See Douglas v. United States,* 562 F.Supp. 593 (S.D.Ga.1983). The consent by the United States to be sued is conditioned upon the action commencing within the statutory time period. *See Dieckmann v. United States,* 550 F.2d 622 (10th Cir.1977). These statutory waivers of sovereign immunity are construed strictly, and if the time limit has elapsed, the action may properly be dismissed for lack of subject matter jurisdiction. *Id.* at 623.

*Miller v. United States*, 838 F. Supp. 338, 339 (N.D. Ohio 1993). *See also Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990) (stating that the statutory period of limitations codified at 26 U.S.C. § 6532 is "jurisdictional").

### III. Analysis

Plaintiff filed a cause of action under 26 U.S.C. § 7426. Subsection (i) of this statute states that 26 U.S.C. § 6532(c) governs a period of limitation for actions brought under § 7426. Title 26 U.S.C. § 6532(c) governs "suits by persons other than taxpayers." It currently provides:

> (1) General rule – Except as provided by paragraph (2), no suit or proceeding under section 7426 shall be begun after the expiration of 2 years from the date of the levy or agreement giving rise to such action.
>
> (2) Period when claim is filed – If a request is made for the return of property described in section 6343(b), the 2-year period prescribed in paragraph (1) shall be extended for a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter.

26 U.S.C. § 6532(c).

The December 2017 tax law amended 26 U.S.C. § 6532(c) by extending the limitations period from nine months to two years. Pub. L. No.

115-97, § 1107(b), 131 Stat. 2054, 2091 (enacted Dec. 22, 2017). Defendant asserts that the new law did not make the amended limitations period retroactive. *See id.* § 11071(c) (stating the amendments shall apply to "levies made after the date of the enactment of this Act" and "levies made on or before such date if the 9-month period has not expired under section 6343(b) of the Internal Revenue Code of 1986"). The Court agrees that the levies in question are subject to the prior 9-month limitation period.

The parties dispute when the statutory period in § 6532(c)(1) begins. Defendant asserts that the phrase "the date of the levy" refers to "the date on which the underlying notice of levy is served." (Doc. 8 at PageID 53) (citing 26 C. F. R. § 301.6331-1(c)). Plaintiff argues that "the date of the levy" may also refer to the date of a seizure; namely the funds paid in 2016 and 2017. The Sixth Circuit has not recognized plaintiff's argument. It has, however, stated that service of a notice of levy "commenced the running of the statute of limitations set forth in section 6532(c)." *State Bank of Fraser v. United States*, 861 F.2d 954, 967 (6th Cir. 1988). *See also Carter v. United States*, 110 F. App'x 591, 594 (6th Cir. 2004) ("The general rule is that a wrongful levy suit must be filed within nine months of the receipt of the notice of levy."). This Court shall therefore consider the statutory period to have begun when plaintiff was served with the notice of levy in 2012.

Plaintiff's complaint was filed in 2017, at least four years after service. As such, plaintiff's case is time-barred under § 6532(c)(1). Moreover, plaintiff's case is barred even if the amended 2 year limitation period applies retroactively.

Plaintiff's suit is also barred under § 6532(c)(2). Plaintiff requested the return of its property in 2017. But "a request for return of property filed under section 6532(c)(2) after the nine month period in section 6532(c)(1) has expired is not effective so as to extend the period for suit." *De Gregory v. United States*, 395 F. Supp. 171, 174 (E.D. Mich. 1975). *See also Carter*, 110 F. App'x at 594 ("If a claimant files a request for the return of property within that nine-month period, then . . . the nine-month period for filing a civil action in federal court is extended for the shorter of either an additional twelve months from the date of filing a § 6343 administrative request or an additional six months from the date of mailing of the notice disallowing that request."). As such, "[t]he statute of limitations period is [ ] never more than twenty-one months (nine months plus twelve months), although it may be less." *Carter*, 110 F. App'x at 594. Plaintiff's suit was filed more than twenty one months after the notice of levy was served. Further, it was filed more than three years (two years plus twelve months) after the notice of levy was

served. As such, plaintiff's suit is time-barred even if the amended limitation period applies.

## IV. Conclusion

For the reasons stated above, defendants' motion is GRANTED.

IT IS SO ORDERED.

Dated: July 11, 2018

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

Certificate of Service

Copies of this Order were served upon attorneys of record on July 11, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---